# In the United States Court of Federal Claims

No. 18-1884C

(Filed: June 28, 2019)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
DEMETRIUS SMALLS, et al.,                        *
                                                 *
            Plaintiffs,                          *
                                                 *
     v.                                          *
                                                 *
THE UNITED STATES,                               *
                                                 *
            Defendant.                           *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

---

## ORDER OF DISMISSAL

---

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss.  For the reasons stated below, Defendant's motion to dismiss is granted.

## Background[1]

Plaintiffs pro se are Demetrius Smalls and Yaliya Muquit.  Plaintiff pro se Demetrius Smalls is incarcerated at the Lieber Correctional Institute in Ridgeville, South Carolina, a prison run by the State of South Carolina.  The complaint contains no description of Plaintiff Muquit or of any claim pertinent to that Plaintiff.  In their complaint, Plaintiffs allege fraud, tortious conduct, and numerous statutory violations by various South Carolina state actors stemming from Plaintiff Smalls' conviction and incarceration in South Carolina.  See Compl. ¶¶ 20-21, 31, 37, 46, 51.  Plaintiffs seek $100,000,000 in damages.

## Discussion

Plaintiffs have the burden of establishing subject matter jurisdiction in this Court.  See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  The Court must dismiss the action if it finds subject matter jurisdiction to be lacking.  Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007).  When ruling on a motion to dismiss pursuant to Rule 12(b)(1),

---

[1]  This background is derived from Plaintiffs' Complaint.

the Court assumes all well-pleaded factual allegations as true and construes the complaint in a manner most favorable to Plaintiffs. Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006) (citing Elecs. For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003)).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012).

The Tucker Act is a jurisdictional statute, not money-mandating. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, Plaintiffs must additionally seek money damages under a source of substantive federal law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Plaintiffs name as defendants Roger M. Young Sr., Richard M. Gergel, Bruce Howe Hendricks, R. Markley Dennis Jr., Linda Schwartz Lombard, James B. Gosnell, Wallace Dixon, Jaqueline Austin, Mary Gordon Baker, Julie J. Armstrong, Stephanie McDonald, Krisi Lea Harrington, J.C. Nicholson, Robin Stillwell, Daniel E. Shearouse, Donald Beatty, Jean Hoefer Toal, Sara Samsa, Margaret Seymour, William Traxler, Scott Harris, John Roberts, and Jennifer Rice. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiffs allege claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

Plaintiffs allege violations of 18 U.S.C. §§ 152, 1201(a), 1203, 1346, and 3771(a)–(f), but this Court lacks jurisdiction over criminal matters. Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994). To the extent that Plaintiff Smalls contests his criminal conviction, this Court lacks jurisdiction over challenges to "indictments, arrests, prosecutions, convictions, imprisonment, or parole . . . ," and does not have jurisdiction to review decisions rendered by state courts. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008); Landers v. United States, 39 Fed. Cl. 297, 301 (1997). Nor does this Court have jurisdiction over claims sounding in tort. Rick's Mushroom Serv., Inc. v. United States,

521 F.3d 1338, 1343 (Fed. Cir. 2008).  This Court does not have jurisdiction to entertain Plaintiffs' claim of unjust enrichment as such a claim is based on an implied-in-law contract theory, which this Court lacks authority to entertain.  See Lumbermens Mut. Cas. Co. v. United States, 654 F.3d 1305, 1316-17 (Fed. Cir. 2011).

Although Plaintiffs invoke 15 U.S.C. §§ 1, 4, and 15, 28 U.S.C. §§ 1332 and 1333, 42 U.S.C. § 1988, 50 U.S.C. §§ 20 and 1705,  and the Universal Declaration of Human Rights as bases for this Court's jurisdiction, none of these authorities  grant this Court jurisdiction over Plaintiffs' claims.

## Conclusion

Defendant's motion to dismiss is **GRANTED**.  The Clerk is directed to dismiss this action.

**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**